733 P.2d 820

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Wade SANDERS,
Defendant-Appellant.**

**No. 16554.**

Court of Appeals of Idaho.

Feb. 27, 1987.

Michael J. Wood, Public Defender, and Jonathan B. Hull, Deputy Public Defender, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is a sentence review case. Robert Sanders pled guilty to a charge of second degree murder. He received an indeterminate life sentence.[1] After the time for appealing the judgment had elapsed, but within the time allowed by I.C.R. 35, Sanders filed a motion seeking reduction of his sentence. Specifically, Sanders asked that his sentence be reduced to an indeterminate period not exceeding twenty-five years. The district judge conducted an evidentiary hearing and denied the motion. In this appeal, Sanders argues that the district judge abused his discretion. For the reasons stated below, we affirm the district court's order.

A Rule 35 motion is addressed to the sound discretion of the sentencing court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The question presented on appeal is whether facts presented in connection with the motion, when viewed in the context of information already in the record, show that discretion was abused in failing to grant the leniency requested. *State v. Goldman,* 109 Idaho 1031, 712 P.2d 732 (Ct.App.1985).

The district judge possessed statutory authority to impose a fixed life sentence for Sanders' crime. *See* I.C. §§ 18–4004, 19–2513A. However, he elected to make the sentence indeterminate. For the purpose of appellate review, and not as a prediction of actual parole, the duration of confinement under an indeterminate life sentence is deemed to be ten years. *State v. Gooding,* 110 Idaho 856, 719 P.2d 405 (Ct.App.1986); *State v. Wilde,* 104 Idaho 461, 660 P.2d 73 (Ct.App.1983). The criteria for reviewing an order on a Rule 35 motion are the same as those applied in determining whether the original sentence was excessive. *State v. Lopez, supra.*

---

1. In addition, Sanders was ordered to pay "restitution" to the Sheriff of Twin Falls County and to the office of the Public Defender, as well as to the victim's family. The propriety of such "restitution" has not been challenged on appeal.

These criteria, articulated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), embrace the primary objective of protecting society and the ancillary goals of deterrence, rehabilitation and retribution.

The record compiled at the original sentencing proceeding disclosed that Sanders strangled an elderly man to death with his bare hands. After committing the offense, Sanders took the victim's money and keys to the victim's truck. He drove the truck to Arizona, where he was apprehended. The presentence report revealed that Sanders, though only twenty-five years of age, had accumulated a substantial prior criminal record, including convictions for burglary, grand theft, and battery. Sanders had served more than a year in correctional institutions, and repeatedly had been placed on probation or parole. The presentence investigator recommended a "lengthy, determinate" period in the custody of the Board of Correction. The judge agreed that "lengthy" confinement was necessary to protect society. However, the judge also appropriately observed:

> [W]ith reference to your age, it would seem to me that there may be a possibility that after a lengthy incarceration and perhaps treatment sometime in the future you may be fit to return to society. As I sit here today, I am not able to predict the future any better than anyone else; and to enter a fixed term would force me to do that. I am simply unable to do so. And I think the best for you and the best for society would be for an indeterminate life sentence. It may be that it is appropriate that you serve the rest of your life in the penitentiary. That final decision will be up to those who supervise your care and custody, those who have the expertise to determine whether or not you can return to society.

Sanders later presented additional information in support of his Rule 35 motion. A letter from the staff of the Idaho State Correctional Institution indicated that Sanders had a positive attitude, was taking advantage of educational programs in the facility, and had presented no discipline problems. Sanders also testified at the evidentiary hearing on his motion. Although he previously had denied any recollection of the murder itself, his testimony at the hearing on the motion recounted the incident in some detail. Sanders stated that the victim had made sexual advances toward him on previous occasions. He suggested that he had committed the killing in order to prevent the victim from using a gun located in a house where the crime occurred. However, Sanders admitted that the victim was not carrying a gun, and that no advances had been made, on the night in question. He further admitted that during a conversation with a third party several days before the killing, he had "sarcastically" proposed to hit the victim over the head and to steal his truck.

At the conclusion of the hearing, the district judge expressed disbelief of Sanders' testimony regarding the gun and the sexual advances. The credibility of witnesses is to be determined by the trier of fact. We cannot substitute our opinion of credibility upon a cold written record. *Salazar v. Tilley*, 110 Idaho 584, 716 P.2d 1356 (Ct.App.1986). The district judge further noted that Sanders' testimony actually pointed toward aggravating circumstances because it underscored a possibility that the killing had been premeditated.

Sanders argues that the district judge gave insufficient consideration to his alcohol and drug-related problems. He asserts that he was intoxicated at the time of the offense. However, the record shows that the district judge gave careful consideration to this aspect of the case. The district judge correctly stated that Sanders' alcohol abuse did not excuse criminal responsibility for the killing. Indeed, Sanders has not contended that he failed to understand the nature or significance of his acts when the homicide occurred. His detailed account of the crime during the hearing on his Rule 35 motion would indicate the contrary. Further, the presentence report reveals that previous attempts to resolve Sanders' alcohol abuse problems, including a three-

month program of in-patient treatment, had been unavailing.

In our view, the district judge considered the proper factors in ruling on the motion for reduction of sentence. After reviewing the information presented at the original sentencing, and having given careful consideration to additional evidence presented in support of the motion, the judge determined that the circumstances still warranted an indeterminate life sentence. His decision is amply supported by the record. We conclude that the judge did not abuse his discretion. The order denying the Rule 35 motion is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.