835 P.2d 1349

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph William REPICI, III, Defendant–Appellant.**

No. 19657.

Court of Appeals of Idaho.

July 30, 1992.

Robert M. Taisey, Jr., Weiser, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Joseph William Repici, III, appeals the district court's order denying his Rule 35 motion for reduction of sentence. We affirm.

## BACKGROUND

Repici was charged with lewd conduct with a minor; however, the charge was later reduced and he pled guilty to sexual abuse of an eleven-year old child. I.C. § 18–1506. Prior to sentencing, his attorney filed several motions requesting physical and mental examinations of his client, in part to determine whether Repici possessed the capacity to understand the charges against him and whether he could assist in his own defense.

The district court ordered the Department of Health and Welfare to perform an examination pursuant to I.C. § 18–211, and later granted the state's request for a second opinion. One report of the examinations stated that Repici was able to understand the proceedings against him; the other reported that he was not. Both reports, however, agreed that Repici would have difficulty assisting his attorney in his defense.

From these two reports, the district court found that Repici suffered from a mental disease or defect, that he lacked the capacity to assist in his own defense, and that he lacked the ability to make informed decisions concerning treatment. The court committed Repici to the custody of Health and Welfare to be held at a secure facility at State Hospital South in Blackfoot, and ordered the Department to provide progress reports while Repici underwent treatment for his mental and emotional states at the facility. The district court further requested the performance of an evaluation of Repici to determine if a more structured placement was necessary.

After a few months at State Hospital South, the Department reported that Repici had substantially improved and, at the time of the report, was capable of understanding the proceedings and assisting in his own defense. After ordering a third psychological exam, and reviewing its results, the district court agreed. Repici was then transferred to the jail in Washington County to await sentencing.

The district court held a sentencing hearing on April 22, 1991, at which time Repici submitted evidence. The court sentenced Repici to a term of five years fixed, followed by five years indeterminate. The court retained jurisdiction for one hundred twenty days, later extending it an additional sixty days.

On August 20, 1991, the court filed an order relinquishing jurisdiction. In response, on August 22, 1991, Repici filed a motion for the court to reconsider quashing jurisdiction as well as a Rule 35 motion for sentence reduction. The motions were de-

nied in an order filed on October 25, 1991. Repici filed this appeal.

## ANALYSIS

In his appellate brief, Repici argues that the district court abused its discretion in imposing sentence and retaining jurisdiction. For the following reasons, this Court's review is limited to the denial of Repici's Rule 35 motion.

At sentencing, the district court retained jurisdiction for 180 days, and later filed an order relinquishing jurisdiction on August 20, 1991. To perfect an appeal from his judgment of conviction and order of commitment, Repici was required to file a notice of appeal within 42 days from the date of the district court's order relinquishing jurisdiction. I.A.R. 14(a). Since Repici filed his notice of appeal on November 22, 1991, beyond the 42–day period, he cannot challenge either the judgment of conviction or the sentence imposed, including the district court's decision to retain jurisdiction. Because perfecting an appeal is jurisdictional, this Court cannot consider any issues challenging the original conviction and sentencing since we lack the necessary appellate jurisdiction to do so. *State v. Hickman*, 119 Idaho 7, 8, 802 P.2d 1219, 1220 (Ct.App.1990).

The time to appeal from the judgment of conviction and order of commitment was not terminated under I.A.R. 14(a) by the filing of the Rule 35 motion. A Rule 35 motion extends the time for filing an appeal only if it is filed "within fourteen days of the entry of judgment, which if granted, could affect the judgment, order or sentence in the action...." I.A.R. 14(a). The August 20, 1991, order relinquishing jurisdiction in Repici's case was a decision respecting a matter other than entry of judgment. *Hickman*, 119 Idaho at 8–9, 802 P.2d at 1220–21. Therefore, the Rule 35 motion did not extend the time to contest the original judgment and conviction, and the scope of review in this appeal is limited to the denial of the Rule 35 motion.

The next issue to address, then, is whether the court erred by refusing to grant the motion for sentence reduction under I.C.R. 35. Repici did not claim that the sentence was illegal or had been imposed in an illegal manner; rather, he asked for the court's leniency. A motion to reduce a legal sentence imposed in a legal manner is addressed to the sound discretion of the trial court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976). In determining whether the district court abused its discretion in denying the defendant's motion under I.C.R. 35, this Court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton*, 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987). A Rule 35 motion is essentially a plea for leniency from an unduly severe sentence. *State v. Sanders*, 112 Idaho 599, 733 P.2d 820 (Ct. App.1987). The motion to reduce a sentence under this rule may be granted if the sentence originally imposed was unduly severe. *State v. Martinez*, 113 Idaho 535, 536, 746 P.2d 994, 995 (1987).

Repici has the burden of demonstrating that the trial court abused its sentencing discretion. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). Reasonableness is a fundamental requirement in the exercise of discretion at sentencing. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). Several factors are relevant in deciding whether a particular sentence is reasonable. *Id.; State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). The primary consideration in sentencing is the good order and protection of society; though humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of our society. *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. The reasonableness of the sentence must be considered in light of the

nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ Repici argues that the indeterminate five-year term of his sentence should be reduced because: (1) this is his first felony, (2) the crime was not predatory in nature, and (3) because he does not have the mental capacity to conform to prison rules, he is likely to serve the full five-year indeterminate term and, thus, a ten-year sentence. Repici requests that the case be remanded to the district court for the purpose of considering additional evidence that would support the imposition of a lesser sentence.

The state, in turn, argues that the original sentence took into consideration Repici's impulsive behavior and his continued threat to children. During his stay in jail, Repici experienced numerous conduct problems, all of which he claimed were the fault of others. The state contends this is an indication that he is not an individual who will correct his own conduct and, therefore, will not abide by the terms set for parole. The state further argues that all the court can do is provide Repici with the opportunity to correct his behavior. This opportunity will exist in prison because he will have access to the psychiatric unit.

When imposing the sentence, the district court considered Repici's presentence report, three expert opinions with regard to his mental status, and progress reports from his detention at both the State Hospital South and the Washington County jail. Only one of the mental examination reports was submitted to this Court as part of the record. The presentence report, the remaining two expert opinions, and the progress reports were omitted. Therefore, the record is incomplete, and we will rely on the established case law that missing portions of the record are presumed to support the action of the district court. *State v. Wolfe*, 99 Idaho 382, 390, 582 P.2d 728, 736 (1978).

Having examined the record before us, we are satisfied that the sentence was not unduly severe and that the district court did not abuse its discretion in later declining to reduce the sentence. At the sentencing and Rule 35 motion hearings, the court carefully reviewed the character of the offender noting that he had committed several misdemeanors in the past, and had not been violent during probation in the past. However, in view of the nature of the crime, his alleged homosexual advances toward fellow inmates while awaiting sentencing for this crime, erratic behavioral patterns, and Repici's statement to the court that his conduct during any potential parole would not differ from that which he displayed at the jail prior to sentencing, the district court concluded that Repici would probably not abide by all of the terms set for parole. It further noted the importance of protecting children from Repici. It is entirely within the discretion of the district court to determine if. rehabilitation measures should be shifted to the more structured setting of a custodial facility. *State v. Corder*, 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989). We conclude the district court properly considered the factors in *Toohill*. Moreover, Repici has failed to come forward with any convincing argument that his sentence should have been modified. We are unable to discern any abuse of discretion by the trial court in denying the Rule 35 motion.

■ Repici also contends that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. To summarize his arguments, he asserts that he will receive no treatment for his mental condition and that confining him with the general prison population is cruel and unusual punishment. He also argues that the indeterminate portion of his sentence violates the Eighth Amendment because his mental condition prevents him from becoming parole-eligible. This constitutional issue was not presented to the district court; further, constitutional arguments such as this, which raise the alleged lack of rehabilitative programs or the adequacy of prison conditions, are not appropriately brought in a Rule 35 motion.

A post-conviction relief proceeding or petition for writ of habeas corpus allow for the development of a factual record in an Eighth Amendment case. *State v. Garza,* 115 Idaho 32, 34, 764 P.2d 109 (Ct.App. 1988); *State v. Roach,* 112 Idaho 173, 175, 730 P.2d 1093, 1095 (Ct.App.1986). The record before us is simply an inadequate basis upon which to decide the Eighth Amendment issue, and we decline to do so.

## CONCLUSION

The district court did not abuse its discretion in denying Repici's motion for leniency under Rule 35. Accordingly, the order of the district court is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.