915 P.2d 34

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Trampus Scott MARTINSEN,
Defendant–Appellant.**

**No. 22360.**

Court of Appeals of Idaho.

March 14, 1996.

Petition for Review Denied May 13, 1996.

Alan E. Trimming, Ada County Public Defender; Amil Myshin, Deputy Public Defender, Boise, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

This is a sentence review. Trampus Scott Martinsen pled guilty to two counts of issuing checks without funds. I.C. § 18–3106(a). These checks, and two others, had been written on Martinsen's account at a credit union

after the credit union closed the account because the account was overdrawn. Martinsen's plea was entered pursuant to a plea agreement whereby the state agreed not to file charges with regard to the other checks written by Martinsen on the same account. When Martinsen's plea was tendered, the state informed the district court that it would seek restitution on all four checks and would request a fixed sentence of three years on one of the counts to which Martinsen would plead guilty and an indeterminate three-year sentence on the other count, to be served consecutively. The district court accepted Martinsen's plea of guilty and subsequently imposed the sentences as requested by the state. On appeal, Martinsen questions the legality of the indeterminate sentence imposed by the district court on the second count (Count II) because the sentence did not include a minimum period of confinement as required by I.C. § 19–2513. He also asserts that the district court abused its discretion by imposing an unduly harsh and excessive sentence, arguing that a "six (6) year sentence for insufficient funds checks far exceeds the requirements of the goals of sentencing." We affirm the judgment of conviction and sentences.

Idaho Code § 18–3106(a) provides that upon conviction for issuing a check without funds, the defendant may be punished by imprisonment for a term not to exceed three years. Further, when a defendant is sentenced upon more than one conviction, the sentencing court is empowered, within its discretion, to order consecutive service of the sentences imposed. I.C. § 18–308. Under the Unified Sentencing Act, I.C. § 19–2513, upon sentencing a defendant to the custody of the Board of Correction, the sentencing court

> shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge ... [but] the

offender may be considered for parole or discharge at any time during the indeterminate period of the sentence.

■ The failure of the district court to specify a minimum period of confinement with regard to the three-year indeterminate sentence imposed for Martinsen's conviction upon Count II, however, does not render that sentence illegal. Although I.C. § 19–2513 provides that the sentencing court "shall specify a minimum period of confinement" in imposing a sentence, the statute does not preclude a sentencing court from specifying "zero" as the minimum period within which the Board of Correction is prohibited from paroling or discharging a defendant from the sentence. *State v. Marquess*, 115 Idaho 136, 765 P.2d 161 (Ct.App.1988). Where the record discloses that the sentencing court intended to set the minimum period of confinement at zero, the sentence does not violate the requirements of I.C. § 19–2513. *Id.*

Here, the transcript of the sentencing proceeding sufficiently discloses such an intent. Martinsen was on parole when he committed the offenses in the present case. As a result of the check charges, Martinsen's parole was revoked. At the time he was sentenced in this case, he had been returned to the penitentiary to serve the balance of two years remaining on the sentence upon which he had been released on parole. Aware of these facts, the district court below ordered that the sentences in this case be served concurrently with the term for which Martinsen already was in the penitentiary, but that the indeterminate sentence on Count II would be served consecutively to the three-year fixed sentence on Count I. The court structured these sentences so that, after completing the two-year term for which Martinsen already was incarcerated, Martinsen would serve one year more for the conviction on Count I and immediately then would be eligible for parole consideration on the indeterminate three-year sentence imposed for the conviction on Count II. However, because the judgment of conviction does not explicitly reflect the district court's intent which is demonstrated by the transcript of the sentencing proceeding, the case must be remanded for correction of the form of the judgment to specify

that no minimum period of confinement has been ordered by the court on the conviction for Count II. *Marquess, supra.*

We turn next to Martinsen's claim that the combined effect of his sentences created an "excessive" sentence. Our standards for appellate review of a sentence are well settled. When a sentence is imposed within the maximum permitted for the offense, we review the sentence for an abuse of discretion. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Here, the minimum period of confinement imposed by the district court on Count I was three years—the maximum term permitted for a conviction under I.C. § 18–3106(a). As to Count II, however, no minimum term of confinement was specified by the district court, thus permitting Martinsen's eligibility for parole to be considered immediately when he commenced serving the sentence on that conviction. Thus, we view Martinsen's actual term of confinement as three years. Martinsen must establish that under any reasonable view of the facts a period of confinement of three years for his conviction on two counts for issuing checks without funds was an abuse of discretion.

Except for explaining the structuring of Martinsen's sentences as discussed above, the district court did not state any reasons on the record for the sentences imposed. Although it is not mandatory for the sentencing court to set forth reasons for the imposition of a particular sentence, *State v. Nield,* 106 Idaho 665, 666, 682 P.2d 618, 619 (1984); *State v. Osborn,* 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983), we have held that where the sentencing judge has set forth no reasons for the imposition of a particular sentence, we will draw our own impressions from the record and affirm what we infer to be a reasonable exercise of the lower court's discretion in pronouncing the sentence under review. *State v. Lopez,* 118 Idaho 620, 621, 798 P.2d 465, 466 (Ct.App.1990); *State v. Snapp,* 113 Idaho 350, 352, 743 P.2d 1003, 1005 (Ct.App.1987). We note the better practice and preference, however, would be that the district court state reasons for a sentence, for the benefit of the defendant and counsels appearing before it, as well as for the benefit of this Court in the event appellate review is sought.

According to the updated presentence investigation report, Martinsen, who was 22 years old at sentencing, had two previous misdemeanor convictions and two prior felony convictions, making the charges in the instant case his third and fourth felonies. In 1990, he had been convicted of burglary and received a withheld judgment with five years of probation. One year later, he pled guilty to grand theft. His probation on the burglary charge was revoked. The court sentenced Martinsen to five years on the grand theft but, after a period of retained jurisdiction, again released Martinsen on probation. This probation subsequently proved unsuccessful, and Martinsen was incarcerated in the penitentiary for a period of two years. He was then released on parole, but violated his parole by committing the charges in this case and was returned to the penitentiary to serve two years remaining on the grand theft sentence.

In light of Martinsen's prior record, we hold that the district court did not abuse its sentencing discretion. The sentences as structured and imposed by the district court were reasonable to accomplish the objective of protecting society and to achieve the related goals of deterrence, rehabilitation and retribution.

Accordingly, the judgment of conviction and sentences are affirmed. The case is remanded to the district court solely to correct the judgment of conviction on Count II by specifying that no minimum period of confinement in the custody of the Board of Correction has been ordered by the court.

LANSING and PERRY, JJ., concur.