**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36696**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 651 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 27, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LAWRENCE FRANK BRADFORD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order of restitution, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Lawrence Frank Bradford appeals an order of restitution in the amount of $3,894 to Lake City Antique Mall. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bradford was arrested at the Lake City Antique Mall with two co-defendants and charged with burglary, Idaho Code § 18-1401. Pursuant to a binding plea agreement, Bradford entered an *Alford*[1] plea to the burglary of Lake City Antique Mall. The court sentenced Bradford to a unified sentence of three years with one year determinate and, according to the plea agreement, suspended the sentence and placed Bradford on probation for two years. Pursuant to I.C. § 19-5304, the State sought restitution for Lake City Antique Mall. After a hearing, the court entered a restitution order in the amount of $3,894. Bradford appeals the order of restitution.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

## II.

## DISCUSSION

Bradford claims that the amount of restitution awarded to Lake City Antique Mall is not supported by the evidence. Idaho Code § 19-5304(7) provides that a court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. Idaho Code § 19-5304(6) provides that economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim, or presentence investigator. The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997).

At the restitution hearing, Michelle Albert, an owner of Lake City Antique Mall, testified that after the burglary, she hired two temporary employees in addition to her employee, Nancy Hirst, to look through the store and identify any items that might have been stolen. She compiled a list of items, to the best of her knowledge, of what she believed was taken and the value of each item based on its price in the store. Albert provided a report of missing items for the police, and she testified that while the State's Exhibit 4 was not her handwritten report, the exhibit listed the same items and values as the report she submitted to the police. This exhibit was not included in the record on appeal, and portions of the record missing on appeal are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). Albert conceded she did not maintain an inventory system for her store, was not present during the burglary, and could not say with 100 percent certainty the number of items stolen. After the report was prepared, five Black Hills gold chains were found hidden inside the store. Albert estimated the value of the found chains at $250.

Hirst, the employee present during the burglary, testified that one of Bradford's co-defendants left the store and returned several times. Hirst stated that the only item from the store that police officers recovered from a co-defendant's car was a box of rings, which was returned to the store. She also testified that months after the robbery she found hidden in a cupboard behind a platter a number of gold necklace chains that were believed to have been stolen. Hirst

2

testified that the necklace chains she found were the Black Hills gold chains that Albert testified had been found.

Bradford claims that the district court abused its discretion in awarding restitution because the award was speculative and not supported by substantial evidence. He argues that the State only presented an estimate of what was stolen and there was no formal inventory system. Additionally, he argues that he was unemployed and unable to pay restitution.

The district court found Albert to be credible and that she was in the best position to know the value of the items taken. Albert submitted a list of items she believed had been stolen and her estimated value of each item. This Court presumes that the exhibit listing the items stolen, which is not included in the record on appeal, supports the district court's findings. Albert also testified to a range of loss consistent with the district court's award. Bradford presented no evidence to rebut the State's evidence as to value. Further, Bradford's immediate inability to pay does not bar the court from ordering restitution. *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). When Bradford is able to pay restitution, the victim should have this avenue available for relief. The district court awarded $3,894 in restitution to Lake City Antique Mall. Substantial and competent evidence supports the award.

## III.
## CONCLUSION

The district court's order that Bradford pay $3,894 in restitution to Lake City Antique Mall is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**