# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45736

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 16, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TYSON D. CLEMENTS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order revoking probation and executing previously suspended sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Tyson D. Clements pled guilty to an amended charge of sexual abuse of a child under the age of sixteen. I.C. § 18-1506. The district court sentenced Clements to a unified term of fifteen years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Clements on probation. Subsequently, Clements admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Clements filed an I.C.R. 35 motion asking the court to suspend his sentence and retain jurisdiction. The district court held a hearing on Clements's motion and denied Clements's request for Rule 35 relief. Clements does not

1

challenge the district court's decision to revoke probation, but argues only that the district court abused its discretion by executing his underlying sentence rather than again retaining jurisdiction.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* The decision to retain jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *See State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.[1] Therefore, the order revoking probation and ordering execution of Clements's previously suspended sentence is affirmed.

---

[1] We note that, although Clements does not challenge the denial of his Rule 35 motion which was based on a renewed request that the district court retain jurisdiction, the court minutes of the hearing on the motion indicate that the district court denied the motion after "carefully" considering Clements's request. The transcript of that hearing is not included in the record on appeal, but it is presumed to support the district court's decision not to retain jurisdiction upon revoking Clements's probation. *See State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992) (holding that portions of a transcript missing on appeal are presumed to support the actions of the district court).