# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46651

| | |
|---|---|
| PRAVEEN KHURANA,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, as Personal Representative of the Estate of Delores Adamson,<br><br>    Defendant-Respondent. | )<br>)  Filed:  October 7, 2020<br>)<br>)  Melanie Gagnepain, Clerk<br>)<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Jay Gaskill, District Judge.

Judgment of dismissal, <u>affirmed</u>.

Praveen Khurana, Lewiston, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Douglas E. Fleenor, Deputy Attorney General, Boise, for respondent, did not participate on appeal.

_____

BRAILSFORD, Judge

Praveen Khurana appeals from the district court's grant of summary judgment for the Idaho Department of Health and Welfare (Department).  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal relates to Khurana's purported ownership interest in a property located in Lewiston, Idaho (Lewiston property).  Previously, this Court affirmed the district court's summary judgment voiding transfers of the Lewiston property to Khurana.  *Idaho Dep't of Health & Welfare v. Khurana*, Docket No. 46030 (Ct. App. June 19, 2019) (unpublished).  In that case, this Court described the events related to Khurana's interest in the Lewiston property:

1

Delores Adamson, a Medicaid recipient, applied for and was provided $239,781.80 in medical benefits. During the years before her death, Adamson made numerous transfers of her real property some involving Khurana. Upon Adamson's death, the Department filed [a recovery action] seeking to set aside these transfers so it could recover the benefits from Adamson's estate. It eventually moved for summary judgment claiming Adamson's transfers were in contravention of state and federal law. Specifically, it asserted that because Adamson never received adequate consideration for the property, the transfers were voidable. The district court granted the motion and entered a final judgment[,] voiding the conveyances to Khurana.

*Id.*

Khurana appealed this judgment, and this Court affirmed. *Id.* Thereafter, Khurana petitioned the United States Supreme Court to grant a writ of certiorari for review of this Court's decision in the Department's recovery action. The Supreme Court declined to review the decision and denied Khurana's petition. *Khurana v. Idaho Dep't of Health & Welfare*, ___ U.S. ___, 140 S. Ct. 2523 (Mar. 23, 2020).

Meanwhile, during the pendency of Khurana's appeal in the Department's recovery action, Khurana filed this action--a quiet title action--against the Department seeking a judgment that he owned the Lewiston property in fee simple. The Department moved for summary judgment alleging, among other things, that the doctrine of res judicata barred Khurana's quiet title action. After a hearing on the Department's motion, the district court entered a written order ruling that no material factual issues precluded entry of summary judgment in favor of the Department and against Khurana.

Proceeding pro se, Khurana timely appeals. On appeal, however, Khurana only includes in the appellate record the district court's cursory written order granting the Department summary judgment. Khurana has not included in the appellate record the transcript of the summary judgment hearing or the parties' summary judgment briefing, if any.

## II.

## ANALYSIS

In support of his appeal, Khurana's opening brief states he "appealed" this Court's decision in the Department's recovery action, *Khurana*, Docket No. 46030, to the United States Supreme Court. Khurana attaches as an "exhibit" to his brief his petition to the Supreme Court for a writ of certiorari. Based on this petition, Khurana argues simply that "the matter is not resolved." Khurana describes "the matter" as "the ownership" of the Lewiston property.

2

Additionally, Khurana contends "the matter is also under appeal in the 9th circuit court of appeals [sic]." Khurana, however, neither cites the Ninth Circuit appeal nor attaches the "exhibit" he references in his brief, which purportedly identifies the appeal.

Although Khurana's argument is inchoate, Khurana apparently attempts to relitigate his purported ownership interest in the Lewiston property in this quiet title action. Any claim Khurana had to the Lewiston property, however, has already been resolved in the Department's recovery action in which Khurana's interest was voided. *See Khurana*, Docket No. 46030 (affirming decision voiding Khurana's interest), *cert. denied*, ___ U.S. ___, 140 S. Ct. 2523. As a result, the doctrine of res judicata bars Khurana's effort to relitigate his ownership interest in the Lewiston property in the quiet title action.

Res judicata--or, more specifically, claim preclusion in this case[1]--bars a subsequent action between the same parties on the same claim or claims relating to a cause of action that might have been asserted in an earlier action between the parties. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007). For claim preclusion to apply, the following elements must be present: (1) the same parties or their privies, (2) the same claim, and (3) a final judgment. *Id.* at 124, 157 P.3d at 618. The "same claim" in this context refers to both claims actually brought in the earlier action between the parties and those claims the parties could have brought in that earlier action:

> Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to every matter which might and should have been litigated in the first suit. In other words, when a valid, final judgment is rendered in a proceeding, it extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose.

*Id.* at 126, 157 P.3d at 620 (quotations and citations omitted).

Similarly, "the final judgment" element of claim preclusion refers to a final judgment in the earlier case and does not require that "the precise point or question" must have been addressed and resolved in the earlier action between the parties in order to bar the subsequent action to litigate that point or question:

> In an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and

---

[1] The Idaho Supreme Court has ruled that in Idaho "the doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel)." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007).

3

received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit.

*Id.*

Res judicata serves three fundamental purposes:

(1) [I]t preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results; (2) it serves the public interest in protecting the courts against the burdens of repetitious litigation; and (3) it advances the private interest in repose from the harassment of repetitive claims.

*Id.* at 123, 157 P.3d at 617.

In this case, the elements of claim preclusion are met. The parties to this quiet title action are the same as those in the Department's recovery action, i.e., Khurana and the Department. The claim is the same, i.e., Khurana's ownership interest in the Lewiston property. While the Department pursued claims in the recovery action to void transfers of the Lewiston property to Khurana, his assertion that he owned the Lewiston property in fee simple was a compulsory counterclaim which should have been, and indeed may have been, litigated in the Department's recovery action. *See, e.g.*, Idaho Rule of Civil Procedure 13(a) (requiring pleader state counterclaim arising out of same transaction or occurrence). Finally, the district court entered a final judgment against Khurana in the recovery action, which judgment this Court affirmed and which affirmance the Supreme Court declined to review. Accordingly, all of the elements of claim preclusion have been met. As a result, res judicata bars Khurana's attempt to relitigate the issue of his ownership in the Lewiston property in this case.

Additionally, Khurana's appeal fails procedurally. Khurana failed to provide any coherent argument; to cite any supporting authority; or to include any materials in the appellate record regarding the Department's summary judgment motion, such as the hearing transcript and briefing, if any. Absent this information, Khurana's conclusory argument that "the matter is not resolved" and his inclusion of his petition to the Supreme Court for review of *Khurana*, Docket No. 46030, is inadequate to preserve his appellate challenge. *See, e.g.*, *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (ruling party waives issue on appeal if either argument or authority is lacking); *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992) (ruling appellate court presumes missing transcript support district court's actions). Moreover, Khurana's assertion that "the matter is not resolved" is factually incorrect because the Supreme Court has declined to review this Court's decision in *Khurana*, Docket No. 46030,

4

thereby ultimately resolving Khurana's lack of ownership interest in the Lewiston property. *See Khurana*, ___ U.S. ___, 140 S. Ct. 2523 (denying certiorari).

## III.

## CONCLUSION

Khurana's appeal is procedurally defective. Moreover, the doctrine of res judicata barred his quiet title action. Accordingly, we affirm the district court's summary judgment for the Department in that action.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.