**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 47716 & 47717**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 16, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| CRYSTAL MAGSAMEN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. David D. Manweiler, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgments of conviction and consecutive sentences of two years of probation, with 180 days in jail (170 days suspended), for two counts of driving without privileges, affirmed.

Anthony R. Geddes, Ada County Public Defender; Abby K. Broyles, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

In these consolidated appeals, Crystal Magsamen appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming her judgments of conviction and sentences for two counts of driving without privileges (DWP). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Magsamen pled guilty to two counts of DWP. I.C. § 18-8001. In exchange for her guilty pleas, the State dismissed four other cases, three of which included additional DWP charges. The magistrate court sentenced Magsamen to consecutive, two-year terms of probation, with

1

underlying jail sentences of 180 days (170 days suspended).  Magsamen appealed her sentences to the district court, which affirmed.  Magsamen again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).  Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

Appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Magsamen contends that the district court erred when it affirmed the sentences imposed by the magistrate court.  Specifically, Magsamen argues that the district court erred because it "did not consider whether the trial court weighed the objectives of sentencing" but, instead, affirmed the magistrate court based on its own conclusion that Magsamen did not have sufficient "justification for breaking the law" and on its own reasons why the sentences were appropriate. According to Magsamen, the district court should have concluded the magistrate court's comments regarding the reasons for its sentences reflected an abuse of discretion.  The State responds that Magsamen's sentences are not excessive under any reasonable view of the facts and that the district

court's decision is consistent with the applicable legal standards. We hold that Magsamen has failed to show the district court applied the incorrect legal standards in reviewing Magsamen's sentences on intermediate appeal or otherwise erred in affirming her sentences.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence is reasonable if it appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, the appellate court conducts an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, the appellate court considers the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In imposing sentence, the magistrate court noted that Magsamen had "18 driving without privileges" between 2016 and 2019 and commented, "God only knows how many times you drove without being charged." The magistrate court also expressed concern that prior penalties had not deterred Magsamen from continuing to drive without privileges. Although the magistrate court credited Magsamen for reinstating her license, it considered such action a "remedial measure" compared to the numerous times she "disregarded the laws of this state and the orders of this court." Finally, the magistrate court noted that, based on Magsamen's history of driving without privileges, "this would have been a felony under the old statute" that could have resulted in a prison sentence. The magistrate court, therefore, concluded the appropriate sentences were consecutive, two-year probationary terms, with 180 days in jail (170 days suspended). Magsamen has not identified any factual error in the magistrate court's sentencing remarks.

At the oral argument held on intermediate appeal, Magsamen argued that an independent review of the record giving consideration to the nature of the offense, the character of the offender, and the protection of the public interest showed her sentences are excessive because: (1) her

3

offense was "not the most egregious crime"; (2) she was not violating other laws while driving without privileges nor "breaking the law in a malicious manner"; and (3) she had a valid license and insurance at the time of sentencing, which protected society. Magsamen also argued that the magistrate court abused its discretion because it "considered crimes other than the ones being sentenced for" as reflected in the magistrate court's comment about the number of times Magsamen likely drove without privileges without being charged and failed to consider mitigating evidence.

The district court issued a written decision on intermediate appeal. In response to Magsamen's argument that her DWP offenses were not egregious, the district court noted that she did not dispute she had eighteen DWP charges in three years and concluded that such a "record of violations is egregious." Regarding Magsamen's argument that the magistrate court considered uncharged offenses, the district court concluded that the argument was speculation and that, in any event, a court may consider allegations of uncharged misconduct and dismissed charges when imposing her sentences. The district court further concluded that Magsamen's DWP record was "more than sufficient to support the sentence[s] imposed." The district court next addressed Magsamen's assertion that the magistrate court failed to consider the mitigating information that Magsamen was properly licensed and insured by the time of sentencing. On this point, the district court observed the magistrate court specifically acknowledged that information but concluded it was "not a strong mitigating factor."

Finally, the district court addressed an argument presumably raised in Magsamen's brief that the magistrate court failed to consider "alternative treatment programs and causes for a crime."[1] The district court stated that Magsamen did not advance any such programs or causes on appeal or before the magistrate court other than the representation at sentencing that she drove without privileges because she is a single mother who is responsible for transporting her two children to school and doctors' appointments. The district court rejected Magsamen's argument

---

[1]     Magsamen did not raise the alternative treatment options at the oral argument on intermediate appeal, nor is her intermediate appellate brief included in the record on appeal. To the extent Magsamen's intermediate appellate brief is relevant to this appeal, missing portions of the record are presumed to support the district court's decision. *See State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992).

4

regarding alternative treatment programs and any unarticulated reasons for her offense as not preserved because she did not present the argument to the magistrate court. As for Magsamen's preserved reason for driving without privileges--the need to transport her children--the district court concluded the reason was "insufficient justification for breaking the law as often as [Magsamen] did" and was not the type of offense that required an alternative treatment program.

On this appeal, Magsamen first contends the district court erred because it held her sentences were appropriate based on its own conclusion that her justification for driving without privileges was inadequate rather than considering whether the magistrate court properly weighed the objectives of sentencing. We disagree. As noted, the appellate court conducts an independent review of the record in reviewing an excessive sentence claim. *Reinke*, 103 Idaho at 772, 653 P.2d at 1184. The district court's written decision specifically recites this standard as well as the other standards applicable to review of sentencing decisions and concludes that, given Magsamen's "history of repeatedly violating the law, the imposition of consecutive sentences was reasonable and was not excessive" nor an abuse of the magistrate court's sentencing discretion. The district court's specific discussion of the adequacy of Magsamen's justification for driving without privileges was in response to her argument regarding alternative "causes" for committing crime. The district court did not err by expressly addressing each of Magsamen's challenges to the magistrate court's sentencing decision.

Magsamen's second contention on this appeal is that the district court erred by not vacating her sentences in light of the magistrate court's abuse of discretion, which she contends took three forms: (1) commenting that "God only knows how many times [Magsamen] drove without being charged"; (2) considering an "outdated" statute; and (3) failing to consider mitigating evidence such as Magsamen's valid license and insurance at the time of sentencing "as well as only being sentenced to two charges versus the other charges the [magistrate court] considered." Magsamen's argument regarding the magistrate court's consideration of an "outdated statute" is based on the magistrate court's reference that Magsamen would have been subject to a felony under the prior statute given her history of driving without privileges. We decline to consider this argument because, based on the record before this Court, the argument is not preserved as it was not raised on intermediate appeal to the district court. *See State v. Camp*, 134 Idaho 662, 668, 8 P.3d 657,

663 (Ct. App. 2000) (stating that, absent fundamental error, an issue not raised at trial or on intermediate appeal may not be raised at a subsequent stage of the appellate process).

Magsamen has failed to show error in the district court's resolution of her remaining claims that the magistrate court abused its sentencing discretion. Magsamen contends, in essence, that the district court erred by explaining why it believed her sentences are not excessive rather than discerning and evaluating the magistrate court's reasons for imposing the sentences. However, this is the proper role of an appellate court in reviewing an excessive sentence claim. *See Reinke*, 103 Idaho at 772, 653 P.2d at 1184 (explaining that the appellate court conducts an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest in reviewing a contention that the sentencing court imposed an excessively harsh sentence). Indeed, the standard requiring an independent review of the record is necessary given that there is no requirement that sentencing courts articulate the reasons for imposition of a particular sentence. *See State v. Martinsen*, 128 Idaho 472, 475, 915 P.2d 34, 37 (Ct. App. 1996) (recognizing that it is not mandatory for a sentencing court to set forth the reasons for imposing sentence). Where the sentencing court has set forth no reasons for imposition of a sentence, the appellate court draws its own impressions from the record and will affirm what it infers to be a reasonable exercise of sentencing discretion. *Id.* Even so, the magistrate court articulated the reasons for its sentence and the district court considered Magsamen's complaints about those reasons on appeal, including her arguments regarding the magistrate court's reliance on prior acts of driving without privileges and its consideration of mitigating evidence. Magsamen has failed to identify any error by the district court in conducting its appellate review of her sentencing claims.

## IV.

## CONCLUSION

The district court applied the correct legal standards in reviewing Magsamen's challenge to the sentences imposed by the magistrate court. The decision of the district court, on intermediate appeal from the magistrate court, affirming Magsamen's judgments of conviction and sentences is therefore affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

6