**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49525**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 28, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT WADE SANDERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Robert Wade Sanders appeals from the order denying his I.C.R. 35 motion for correction of an illegal sentence. We affirm.

In September 1985, Sanders pled guilty to second degree murder. At Sanders' sentencing hearing, the district court imposed an indeterminate life term. The district court also ordered Sanders to pay restitution to the victim's family, the Twin Falls County Sheriff, and the Twin Falls County Public Defender's Office.

In November 1985, Sanders filed a motion pursuant to I.C.R. 35, which included a request for relief from the restitution order in addition to a request to reduce his sentence. At the hearing on that motion, Sanders withdrew his objection to restitution. The district court denied Sanders' motion. Sanders appealed the denial of his I.C.R. 35 motion. On appeal, Sanders did not challenge

1

the restitution aspect of his motion; he only challenged the denial of his request for a sentence reduction. This Court affirmed the denial of that motion. *See State v. Sanders*, 112 Idaho 599, 733 P.2d 820 (Ct. App. 1987).

In December 2021, Sanders filed a pro se motion for correction of an illegal sentence pursuant to I.C.R. 35(a). In his 2021 I.C.R. 35 motion, Sanders asserted that his "sentence is illegal" because the district court "lacked subject matter jurisdiction on September 10, 1985, when it ordered him to reimburse $7,000 to the victim's family." Sanders argued that the district court violated his due process rights at sentencing by ordering him to pay restitution because I.C. § 19-5304 was not in effect until after he was charged. The district court denied the motion, concluding that "relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence" pursuant to I.C.R. 35. We agree.

"Mindful that relief from a restitution order cannot be pursued by an I.C.R. 35 motion," Sanders asserts on appeal that his sentence is illegal because the district court ordered him to pay restitution prior to I.C. § 19-5304 taking effect. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Sanders' challenge to the restitution order was a collateral attack on the underlying conviction and was beyond the scope of an I.C.R. 35 motion. *See Hill v. United States*, 368 U.S. 424, 430 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). An order for restitution is "separate and apart from a criminal sentence." *State v. Straub*, 153 Idaho 882, 886, 292 P.3d 273, 277 (2013); *see also State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010) (holding that "restitution, while attendant to a criminal conviction and

most often adjudicated at the sentencing hearing, is not part of a defendant's 'sentence'"). Thus, relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence pursuant to an I.C.R. 35 motion. *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). The district court did not err in determining that the basis of Sanders' motion (the order to pay restitution) was outside the scope of I.C.R. 35.

Accordingly, the district court's order denying Sanders' I.C.R. 35 motion is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.