**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44279**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 34S** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  September 14, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **TRAVIS WHARTON,** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| **Defendant,** | ) | **DATED JUNE 28, 2017, IS** |
| | ) | **HEREBY WITHDRAWN** |
| **and** | ) | |
| | ) | |
| **ALADDIN BAIL BONDS as claimed** | ) | |
| **agent for AMERICAN CONTRACTORS** | ) | |
| **INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Surety/Real Party in Interest-** | ) | |
| **Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Jonathan Medema, District Judge.

Order denying motion to set aside forfeiture and exonerate bond, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Christopher D. Sherman, Boise, for appellant.  Christopher D. Sherman argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.  Jessica M. Lorello argued.

---

HUSKEY, Judge

Aladdin Bail Bonds (Aladdin)[1] appeals from the district court's order denying Aladdin's motion to set aside forfeiture and exonerate bond posted on behalf of Travis Wharton.  Aladdin argues the district court made clearly erroneous factual findings and abused its discretion when it

---

[1]    The district court recognized that Aladdin Bail Bonds is an assumed name under which Two Jinn, Inc. conducts business.  As the district court referred to Two Jinn by its assumed name, we will do the same.

failed to consider Aladdin's efforts to locate and apprehend Wharton under Idaho Criminal Rule 46(h)(1)(B). Aladdin also contends the district court abused its discretion when it failed to consider Aladdin's recovery efforts as a relevant, non-enumerated factor under I.C.R. 46(h)(1). The State asserts Aladdin failed to show error because there is an incomplete record on appeal and Aladdin's argument on appeal is not preserved. We affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Wharton with trafficking in marijuana and obstructing and delaying an officer. The magistrate set bail in the amount of $100,000. Benjamin Barrera (Barrera), as a licensed bail agent of the American Contractors Indemnity Company (American Contractors), signed the bail bond posted for Wharton. If Wharton failed to appear, American Contractors agreed to pay Wharton's $100,000 bond. According to the district court, attached to the bail bond was a power of attorney form issued by American Contractors, which gave Aladdin the power to act as the attorney-in-fact for American Contractors in executing a bail bond.[2]

Wharton failed to appear for a motion hearing and his trial counsel was unable to explain Wharton's absence. The district court revoked Wharton's bail, issued an arrest warrant, and ordered the bond posted by American Contractors be forfeited. Pursuant to Idaho Code § 19-2915, the clerk of the court sent notice to American Contractors and Aladdin, an agent authorized to receive such notices, of the district court's intention to discharge the order of forfeiture if Wharton was not brought before the court within 180 days of the order of forfeiture.

Three days before the expiration of the 180-day time period, Aladdin filed a motion to set aside the order of forfeiture and to exonerate American Contractors from further liability under the bond. Aladdin supported its motion with affidavits from Aladdin's bond recovery agents. Aladdin argued the district court should consider Aladdin's efforts to locate and return Wharton as a factor under I.C.R. 46(h). The State filed an objection, arguing the district court should not exonerate the bond because Wharton had a previously dismissed Iowa parole violation, had a previous felony drug conviction, and Wharton was committing new crimes at the time he was located by Aladdin. Aladdin responded that the district court should not consider Wharton's previous parole violation because it is "irrelevant and not an enumerated factor under

---

[2]     Although referenced by the district court, neither the bond document nor the power of attorney document is included in the record on appeal.

2

I.C.R. 46(h)." Aladdin explained that the district court should consider all relevant factors, which were the enumerated factors in I.C.R. 46(h). Because Wharton's previous parole violation was not an enumerated factor, Aladdin argued it was not a relevant factor to consider.

After a hearing on the motion, the district court denied Aladdin's motion. In considering "the participation of the person posting bail in locating and apprehending the defendant" under I.C.R. 46(h)(1)(B), the district court held it could not attribute Aladdin's efforts to locate and apprehend Wharton to American Contractors or to American Contractors' licensed bail agent, Barrera, because there was no evidence of any agreement or relationship between American Contractors and Aladdin, nor was there any evidence of an agreement or relationship between Barrera and Aladdin. The district court held: "What, if any, agreement or relationship exists between American Contractors and Aladdin has not been shown or even argued to the Court." Further, the district court explained that while it suspected Aladdin and American Contractors had some agreement, there was nothing in the record to support that suspicion. Even if there was evidence of the relationship, the district court stated:

> [T]he court is not sure the analysis would change. American Contractors would still be the "person posting bail" even if they had subsequently passed the risk of that undertaking onto someone else. If the order of forfeiture "becomes" a judgment under I.C. § 19-2918 the judgment would be against American Contractors.

The district court then addressed other relevant factors not enumerated in I.C.R. 46(h), such as a surety's knowledge of the risk it is accepting. The district court explained that although Aladdin understood Wharton was a risk, the district court had no information about Aladdin's relationship with American Contractors or Barrera. Because of the lack of information of the relationship, the district court determined it could not determine whether American Contractors or Barrera knew of the risk. The district court stated that both Aladdin and the State assumed the existence of relationships between American Contractors, its licensed agent Barrera, and Aladdin, that were not apparent from the record. The district court held: "Where the Court has no information at all regarding Mr. Barrera's or American Contractors' knowledge of the defendant's criminal history, the Court will simply not consider this argument, like it has not considered Aladdin's efforts at recovery."

Aladdin timely appeals. The district court granted Aladdin's request to stay remittance of the forfeiture while the appeal is pending.

3

## II.

### STANDARD OF REVIEW

Whether to set aside the forfeiture of a bail bond under I.C.R. 46 is committed to the discretion of the trial court and will not be overturned absent a finding that the trial court abused its discretion. *State v. Big Dawg Bail Bonds*, 157 Idaho 373, 376, 336 P.3d 306, 309 (Ct. App. 2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

### ANALYSIS

**A.** **The District Court's Factual Findings Are Not Clearly Erroneous and the District Court Did Not Abuse Its Discretion in Holding There Was Insufficient Evidence of a Relationship and Aladdin's Recovery Efforts Could Not Be Attributed to American Contractors Under Idaho Criminal Rule 46(h)(1)(B)**

Aladdin argues the district court's denial of its motion to set aside forfeiture and exonerate bond was an abuse of discretion because the district court relied upon clearly erroneous factual findings. Aladdin contends the district court incorrectly found that there was no evidence indicating that Aladdin was the person posting bond under I.C.R. 46(h)(1)(B), that no evidence in the record demonstrated Aladdin acted as an agent of American Contractors, and that there was no evidence of American Contractors' attempts to locate and apprehend Wharton. Aladdin argues that because it had power of attorney and was the designated agent to receive notice pursuant to I.C. § 19-2915(3), there was sufficient evidence that Aladdin acted on behalf of American Contractors. The State argues the district court properly held there was no evidence indicating a relationship between Aladdin and American Contractors.

This Court will not set aside factual findings unless they are clearly erroneous. S*tate v. Henage*, 143 Idaho 655, 659, 152 P.3d 16, 20 (2007). To be found clearly erroneous, factual findings must be unsupported by substantial and competent evidence. *Id.* Idaho Criminal Rule 46(h) provides that the district court may direct forfeiture be set aside, in whole or in part, if it appears justice does not require the enforcement of the forfeiture. The decision whether or not to set aside forfeiture is left to the discretion of the district court. *Big Dawg Bail Bonds*, 157

4

Idaho at 376, 336 P.3d at 309. In deciding how to exercise that discretion, the district court is required under I.C.R. 46(h) to consider a number of factors. One of those factors provides that the district court shall consider the participation of the person posting bail in locating and apprehending the defendant. I.C.R. 46(h)(1)(B).

As noted above, the district court found that under I.C.R. 46(h)(1)(B) American Contractors was the person posting bail. The district court held it could not attribute Aladdin's efforts to locate and apprehend Wharton to American Contractors or to American Contractors' licensed bail agent, Barrera, because there was no evidence of any agreement or relationship between American Contractors and Aladdin, nor was there any evidence of an agreement or relationship between Barrera and Aladdin. The district court recognized that "certainly Aladdin is not expending the resources to hire a private investigator to fly around the country in an attempt to track [the defendant] down unless Aladdin has some exposure for the bail liability or someone is compensating it for those services." Although the district court suspected Aladdin and American Contractors had some agreement, it found nothing in the record before the district court evidenced that relationship. The district court reasoned that even if there was evidence of a relationship between Aladdin and American Contractors, its analysis would not change because "American Contractors would still be the 'person posting bail' even if they had subsequently passed the risk of that undertaking onto someone else."

Aladdin argues that the district court's decision was in conflict with the purpose of the Idaho Bail Act. Aladdin represented that Aladdin's relationship with American Contractors is the typical practice of the bail bond industry, in which surety companies, such as American Contractors, rely upon agent companies like Aladdin to supervise defendants and ensure their appearance in court. Aladdin's attorney argued that because this practice ensures the appearance of the defendant in court, which is the primary purpose of bail, Aladdin's efforts to locate and apprehend the defendant should be attributed to American Contractors. In our view, under I.C.R. 46(h)(1)(B), courts should look not only to the efforts of the person posting bail, but also at the relationships the person posting bail has with other entities such that the efforts of another entity might be attributed to the person posting bail. A sufficient relationship between the person posting bail and a separate entity could have been established in this case based on the bail bond agreement and/or the power of attorney document, but neither of those documents are in the record.

5

Aladdin also argues that because the district court articulated what the power of attorney form stated, the district court made a factual finding that "American Contractors authorized Aladdin to execute undertakings of bail" and that this Court should defer to that factual finding. However, read in its entirety, the district court noted in a footnote:

> The power of attorney form attached to the bail bond indicates American Contractors authorized Aladdin to execute undertakings of bail on its behalf. Therefore, Aladdin meets the second prong of the definition of "Bail Agent" under I.C. § 19-2905(2) but not the first. The Court notes that if Aladdin is a licensed producer of surety insurance then in order to act as an agent for a surety it must not only be authorized by the surety to do so but also must be "appointed" as agent under the procedure outlined in I.C. § 41-1018. There is no evidence Aladdin has been so appointed.

The district court's factual finding was that Aladdin was not an agent pursuant to the statute. The district court's recitation of one phrase on a document not included in the record is insufficient to establish the nexus between Aladdin and American Contractors. This Court cannot conclude Aladdin was acting as an agent of American Contractors, particularly where the district court explicitly found that despite the language of the power of attorney, Aladdin did not meet the statutory definition of a bail agent or the procedural requirements to be an appointed agent. The record before this Court does not include the bail bond or the power of attorney form attached to the bond. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Any missing portions of the record are presumed to support the trial court's ruling. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). Without a complete record, we cannot review the documents to determine whether the district court made erroneous factual findings and as a result, we must defer to the district court's factual findings. Because the district court's factual findings that Aladdin did not act as a bail agent or meet the procedural requirements to be an appointed agent were not clearly erroneous, Aladdin did not show that the district court abused its discretion.

Additionally, Aladdin did not provide any authority from the Idaho Bail Act or the Idaho Criminal Rules to support its assertion that Aladdin is the person posting bail. Aladdin contends it acted on behalf of American Contractors as evidenced by the power of attorney form and being the designated agent to receive notice pursuant to I.C. § 19-2915(3). However, Aladdin provided

6

no argument or authority to explain how or why having power of attorney and/or being the designated agent to receive notice pursuant to I.C. § 19-2915(3) is sufficient evidence that Aladdin acted on behalf of American Contractors for purposes of I.C.R. 46(h)(1)(B). A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Aladdin did not present this Court with argument or authority to support this issue, Aladdin waived consideration of the issue on appeal.

**B.** **The District Court Did Not Abuse Its Discretion When It Declined to Consider Aladdin's Efforts to Locate and Apprehend Wharton as an Additional Relevant Factor Under I.C.R. 46(h)(1)**

Aladdin argues the district court abused its discretion by failing to consider Aladdin's attempts to locate and apprehend Wharton as an un-enumerated relevant factor pursuant to I.C.R. 46(h)(1). The State argues Aladdin has not preserved this argument on appeal because Aladdin argued in the district court that factors not enumerated in I.C.R. 46(h)(1) could not be considered. We affirm the district court.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275-76, 396 P.3d 700, 704-05 (2017); *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Issues not raised below generally may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Aladdin's argument on appeal--that the district court should consider Aladdin's efforts as a relevant, non-enumerated factor--was not raised before the district court. In its written motion to set aside forfeiture, Aladdin asked the court to set aside the forfeiture pursuant to I.C. § 19-2917 and I.C.R. 46. However, in the memorandum in support of its motion to exonerate, the response to the State's objection, and during the hearing, Aladdin argued a more narrow issue--that in determining whether to set aside forfeiture, the district court should consider all relevant factors and that the enumerated factors of I.C.R. 46(h)(1) are the relevant factors. While Aladdin asserted the district court should consider Aladdin's efforts to locate and return Wharton, Aladdin did not articulate that these efforts should be considered as a relevant, non-enumerated factor not listed in the rule. Instead, consistent with its written argument, Aladdin argued the district court should consider only relevant factors enumerated in and pursuant to I.C.R. 46(h)(1). During the hearing on Aladdin's motion, Aladdin's trial counsel stated:

7

As I think is evidenced in our memorandum and in our response to the State's objection, the factors that are to be considered by the Court when determining whether or not justice requires that the forfeiture be set aside, those factors are fairly and clearly articulated by Idaho Criminal Rule 46.

In its decision, the district court specifically noted the more narrow argument presented by Aladdin, stating: "Aladdin argues in its reply memorandum that in deciding its motion the Court must consider only factors that are *relevant* to whether justice requires enforcement of the forfeiture. Aladdin further argues that the *only* factors that are *relevant* factors are those enumerated in Rule 46(h)."

Aladdin's arguments in the district court and on appeal are different. To argue in district court that the court should consider Aladdin's recovery efforts only under one of the enumerated factors in I.C.R. 46(h)(1) does not fairly include the argument that Aladdin's recovery efforts should have alternatively been considered as a relevant, non-enumerated factor. Aladdin may not claim on appeal that the district court's decision was in error based on an argument that was never presented to the district court for consideration. Appellate courts are forums of review, not decisions in the first instance. Because Aladdin did not raise this argument before the district court, it waived consideration of the argument on appeal.

## IV.

## CONCLUSION

Aladdin has failed to show that the district court abused its discretion by denying its motion to set aside forfeiture and exonerate bond. Accordingly, the district court's order denying the motion to set aside forfeiture and exonerate bond is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.