**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45844**

| | |
|---|---|
| BRADLEY CLYDE GOODRICH, | ) |
| | ) **Filed:  May 23, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Richard D. Greenwood, District Judge.

Judgment and order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Bradley B. Poole, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Bradley Clyde Goodrich appeals from the district court's order summarily dismissing his petition for post-conviction relief.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Goodrich pled guilty to lewd conduct with a minor under the age of sixteen, I.C. § 18-1508A, and possession of a controlled substance, I.C. § 37-2732(c).  The district court sentenced Goodrich to a unified term of twenty-years, with five years determinate, for lewd conduct and a concurrent unified term of five years, with two years determinate, for possession of a controlled substance.  Goodrich appealed asserting that the district court should have retained jurisdiction, its sentence was excessive, and a medical condition affected his guilty plea.  This Court affirmed his sentence, finding the district court did not abuse its discretion and further that his claim

1

regarding the medical issue was not supported by argument or authority and would not be considered. *State v. Goodrich*, Docket No. 44239 (Ct. App. June 2, 2017) (unpublished).

Goodrich filed a petition for post-conviction relief asserting a medical condition affected his thought processes and made his plea unknowing, the district court should have retained jurisdiction, and his sentence was excessive. The district court held a hearing in response to the State's second motion for summary dismissal. Court minutes indicate that after hearing argument the district court determined there was no basis for an evidentiary hearing and summarily dismissed Goodrich's petition.[1] Goodrich timely appeals.

## II.

## ANALYSIS

On appeal, Goodrich argues the district court erred by dismissing his post-conviction petition. The State asserts that because Goodrich failed to provide an adequate record for appellate review, it is not possible to determine if there is a basis for reversal. We agree. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Further, any missing portions of the record are presumed to support the trial court's ruling. *State v. Wharton*, 162 Idaho 666, 671, 402 P.3d 1119, 1124 (Ct. App. 2017).

In this case, Goodrich has failed to provide the Court with a transcript of the district court's ruling[2] or his amended petition for post-conviction relief. Without either, this Court lacks any means to determine if the district court erred. The minutes from the hearing do not provide enough information to do anything beyond speculate as to the basis for the district court's decision. Further, the record that was provided appears to support summary disposition

---

[1] The appellate record does not include a transcript of the district court's ruling but reads in part: "Evidentiary hearing -- nothing [] has been put forward to go forward to an evidentiary hearing. Does not survive motion for summary judgment of dismissal."

[2] The district court did not enter a written order.

on numerous grounds.[3]  However, because it is the responsibility of the appellant to provide an adequate record and Goodrich has failed to do so, we affirm the district court.

## III.

## CONCLUSION

Goodrich asks this Court to determine if the district court abused its discretion when it denied his petition for post-conviction relief but failed to provide an adequate record to do so.  In absence of such information we will not presume error but will presume the missing portions of the record support the decisions of the district court.  Accordingly, we affirm the summary disposition of Goodrich's petition.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[3]  Petitioner's claims appear to present numerous additional grounds for dismissal; including lack of argument and authority, preclusion by *res judicata* and an excessive sentence claim that cannot be properly addressed through post-conviction relief.  However, without a full and adequate record we decline to address these separate bases for dismissal.