## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50820

OTIS JAMES HUGHES,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 13, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven Hippler, District Judge.

Amended judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Otis James Hughes, Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Otis James Hughes appeals from the district court's amended judgment dismissing his petition for post-conviction relief.  Specifically, Hughes argues the district court erred when it summarily dismissed his ineffective assistance of counsel claims.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Police received information that Hughes was selling heroin out of a hotel.  An undercover officer made several purchases of heroin from B.J. in the parking lot of the hotel.  During the transactions, B.J. took the officer's money, went to Hughes' hotel room to collect the heroin, and returned to the undercover officer.  After arresting B.J., a search warrant was executed on the hotel room.  The officers found heroin, methamphetamine, marijuana, drug paraphernalia, and packaging materials in the hotel room.  A jury found Hughes guilty of one count of conspiracy to traffic heroin, three counts of trafficking in heroin, one count of possession of a controlled

1

substance with the intent to deliver, one count of possession of a controlled substance, and one count of possession of drug paraphernalia.

Hughes appealed, arguing the district court erred in denying his trial counsel's pre-trial motion to withdraw. This Court affirmed the district court's order. *See State v. Hughes*, Docket No. 45972 (Ct. App. Dec. 5, 2019). Following the issuance of the remittitur, Hughes filed a petition and affidavit for post-conviction relief alleging various ineffective assistance of counsel claims against both his trial counsel and his appellate counsel. The district court summarily dismissed the petition.[1] Hughes appeals arguing that the district court erred in summarily dismissing his petition for post-conviction relief as the petition established genuine issues of material fact upon which relief may be granted.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Hughes argues that the district court erred in summarily dismissing his claim for ineffective assistance of counsel because he presented genuine issues of material fact upon which relief may be granted. A claim of ineffective assistance of counsel may properly be brought under the

---

[1] In its order of summary dismissal, the district court noted that it found summary dismissal of the claims warranted but allowed Hughes twenty days to respond to any grounds for dismissal discussed by the court (that were not specifically identified by the State) out of an "abundance of caution." Hughes submitted an affidavit and several documents from the underlying criminal case, which the district court found did not present a new question of fact precluding summary dismissal. However, due to a clerical error in the prison mailing system, the district court received Hughes' answer several days after entry of its order of summary dismissal. The district court entered an I.R.C.P. 60(a) order of correction to reflect the information that Hughes had included in his answer.

2

Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

A.      **Co-Defendant**

1.      **Failure to object**

Hughes argues that his trial counsel failed to object to the denial of Hughes' right to confront witnesses against him and the denial of the opportunity to cross-examine his co-defendant, B.J. First, this Court declines to review this argument as Hughes has failed to present this argument in the district court and therefore it is not preserved for appeal. *See Taylor v. Taylor*, 169 Idaho 806, 813, 504 P.3d 342, 349 (2022) (holding Court will not address substantive issues raised for first time on appeal). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Even if we did review the argument on the merits, Hughes would not prevail. Hughes states his trial counsel's failure to object is deficient performance and that it could not have been a tactical decision because Hughes' "right to confront witnesses against him was violated as counsel failed to investigate the issues involved, and, as such was ignorant of the relevant facts upon which such a decision not to object would have been based upon." Hughes also argues that

there were recorded statements that were introduced at trial that proved essential elements of the crime. As to both the deficient performance and prejudice prong, however, Hughes fails to cite to the record or identify which of these recorded statements he was denied the opportunity to cross-examine. We will not comb the record on appeal for error.[2] *Dawson v. Cheyovich Fam. Tr.*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010). Further, Hughes fails to provide cogent argument to support his claim that the failure to object was deficient performance and that he suffered prejudice as a result. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. Idaho Appellate Rule 35; *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, Hughes has failed to show that trial counsel engaged in deficient performance or that he was prejudiced as a result.

### 2. Statements by B.J.

Hughes next argues that his trial counsel engaged in deficient performance by "failing to make any attempt to interview" B.J. "who provided statements exculpating [Hughes] after his arrest and made while he was in the Ada County Jail." Hughes argues that the district court initially stated, "if counsel had known [about the statements] this would have been a colorable claim" but then changed its position and found "that counsel, in fact, 'was aware of . . . those recordings.'"[3]

We read this argument as consisting of two separate issues: (1) failing to present the recordings of B.J. and (2) failing to call B.J. as a witness. Regarding the issue of the recordings, Hughes provides a citation to the district court's order of correction where he asserts the district court stated that trial counsel was aware of the recordings of B.J. However, this statement by Hughes is misleading. Rather, the district court stated that it originally "found there was no evidence that [Hughes'] trial counsel was aware of these discussions and could have taken action in response." The district court noted that, in Hughes' answer to the intent to dismiss, he pointed

---

[2] Hughes cites to pages 22, 27, 35, and 40 of the supplemental clerk's record to support his argument. However, these citations lead this Court to an opening brief by Hughes rather than any statements made by B.J.

[3] Hughes cites to pages 163 and 164 in the record, which contain an affidavit of B.J. This citation fails to provide this Court with the "recordings" mentioned by Hughes, nor does the affidavit mention a recording. Therefore, this affidavit does not directly or indirectly lead this Court to potential recorded statements made by B.J. prior to trial.

out that there was a discussion (on the morning) of trial where his trial counsel stated that trial counsel was "not only aware of those telephone calls" but that trial counsel had recordings from Hughes' girlfriend who provided them to trial counsel before trial counsel received the recordings from the State. Trial counsel also stated that he did not have an opinion regarding the admissibility.

The district court noted that neither party moved to admit the recordings at trial and that Hughes did not present the recordings to the district court with his petition. Further, the district court noted that Hughes failed to state why the evidence was not included. Because Hughes failed to present admissible evidence or provide an excuse as to why he could not provide the evidence, the district court found that dismissal was proper. To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the *Strickland* test. *Roman v. State*, 125 Idaho 644, 649, 873 P.2d 898, 903 (Ct. App. 1994). Facts must be in the form of competent, admissible evidence; bare assertions and speculation, unsupported by the facts, are insufficient. *Id*. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Further, any missing portions of the record are presumed to support the trial court's ruling. *State v. Wharton*, 162 Idaho 666, 671, 402 P.3d 1119, 1124 (Ct. App. 2017). Hughes has not presented these recordings or other relevant evidence to this Court. Therefore, we will not presume error and the absence of the documents are presumed to support the district court.

As to the issue of trial counsel failing to call B.J. as a witness at trial, Hughes argues that there are "out-of-court statements made by co-defendant [B.J.] and used at trial by the prosecution to establish essential elements of the crimes" and Hughes was not "given an opportunity to directly confront" B.J. Hughes alleges that there were "out-of-court statements" made by B.J. that were "recorded by law enforcement and then used at trial." The affidavit (without notarization or other authentication) from B.J. stated, in relevant part, that he never identified Hughes as the source of contraband; he never stated Hughes' name; and "[t]he image that was searched from the Ada County Jail inmate list was in fact NOT [Hughes]." However, Hughes fails to identify which citation to the record or which out-of-court statements made by B.J. that Hughes believes could be

disproved by B.J. testifying. Hughes similarly fails to provide cogent argument explaining how confronting B.J. as a witness would lead to a different outcome.

Hughes again makes the conclusory statement that this "cannot be considered tactical or strategic" thereby meeting the first prong of the *Strickland* test. The Idaho Supreme Court has held that "strategic and tactical decisions will not be second guessed or serve as a basis for post-conviction relief under a claim of ineffective assistance of counsel unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). Without any argument from Hughes, we cannot assume trial counsel did not have a legitimate tactical reason for not seeking admission of any recordings. There are many legitimate reasons why trial counsel could have opted not to call B.J. to testify or admit recordings of B.J. However, because Hughes has neither presented the recording nor cited which out-of-court statements used at trial he believes could be overcome by calling B.J. as a witness, we are unable to further analyze trial counsel's reasoning. Hughes has also failed to establish either that trial counsel engaged in deficient performance by "failing to make any attempt to interview" B.J. or by failing to present a recording of B.J. or that he was prejudiced as a result of any alleged deficient performance.

## B.     Severance

Hughes argues that trial counsel was ineffective in failing to file a motion of severance.[4] The State argues that the issue is not properly before this Court because it was not alleged in the petition to the district court. The district court held that the issue of severance was identified in the amended response to the State's motion for summary dismissal rather than in the petition and therefore, it declined to consider it. Hughes argues on appeal that the issue was raised in the brief

---

[4]     Hughes also argues that his trial counsel provided ineffective assistance by "failing to preserve this issue for appeal." This issue is not preserved because Hughes himself, not counsel, failed to present argument or authority about severance in the petition or the brief in support of the petition. Hughes is the author of the petition and the brief. Hughes cannot claim ineffective assistance of counsel for failing to preserve an issue when the failure occurred from Hughes' own product. To the extent Hughes is claiming that his post-conviction counsel was ineffective (before Hughes substituted in as his own counsel in this matter) the claim is not actionable. *See Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014) (holding that because post-conviction counsel is not a statutory or constitutional right there can be no deprivation of effective assistance of counsel).

in support of the petition and provides several citations to the supplemental record including pages 9 and 40. The pages Hughes cites make no reference to such a claim.

On page 8 of the supplemental record, Hughes alleges a "Failure of Severance of Defendan[t]s" in the brief he filed with his petition for post-conviction relief. Idaho Code section 19-4903 mandates that the petition for post-conviction relief "specifically set forth the grounds upon which the application is based, and clearly state the relief desired." "All grounds for relief . . . must be raised in [the] original, supplemental or amended application." I.C. § 19-4908. The "application must contain much more than 'a short and plain statement of the claim' that would suffice for a complaint under I.R.C.P. 8(a)[2]." *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002); *see* I.R.C.P. 8(a)(2). A "petitioner cannot amend his petition once a responsive pleading has been filed without permission of the court or written permission of the State." *Schultz v. State*, 151 Idaho 383, 387, 256 P.3d 791, 795 (Ct. App. 2011); *see* I.R.C.P. 15(a). After a respondent files a responsive pleading, the petitioner must request leave to file an amended petition. *Rodriquez v. State*, 171 Idaho 634, 642, 524 P.3d 913, 921 (2023); *see Cole v. State*, 135 Idaho 107, 111, 15 P.3d 820, 824 (2000).

Because the brief supporting the original petition only included a passing reference regarding severance, without more, the issue was not properly raised in the petition. This reference to severance is also not a claim of ineffective assistance of counsel. Therefore, any new claims, asserted after the original petition, were not properly before the district court and have not been preserved for appeal. We decline to review the severance issue.

C.     **Genuine Issue of Material Fact**

Hughes presents a fourth argument that states, "that all other[] issues raised in his petition and brief in support of petition . . . establish genuine issue of material fact upon which relief may be granted and that the court erred in its ruling on these issues." However, this is a conclusory statement not accompanied by argument or authority. When issues on appeal are not supported by propositions of law, authority, or argument they will not be considered. I.A.R. 35; *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Therefore, to the extent that Hughes meant to present this as a wholly separate issue on appeal, we decline to review.

**IV.**

**CONCLUSION**

Hughes has failed to show that his trial counsel rendered ineffective assistance of counsel. Finally, we decline to review Hughes' assertion that he has established genuine issues of material fact. Thus, the district court's amended judgment dismissing Hughes' petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.